# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TERRENCE HAMMOCK,** | * |
| Petitioner, | * |
| v. | *   Civ. No. DLB-23-1717 |
| **WILLIAM BAILEY,** *et al.*, | * |
| Respondents. | * |

## MEMORANDUM OPINION

On June 23, 2023, Terrence Hammock filed a petition for writ of habeas corpus. ECF 1. He challenges the validity of his 2022 conviction in the Circuit Court for Baltimore County, Maryland for home invasion, five counts of first-degree assault, five counts of second-degree assault, and five counts of use of a firearm in a violent crime. *Id.* He filed a direct appeal of his conviction to the Appellate Court of Maryland, and it remains pending. *Id.* at 2–3. Hammock has not initiated post-conviction proceedings. *Id.* at 3.

A petitioner seeking relief under § 2254 first must exhaust his claims in state court. 28 U.S.C. § 2254(b), (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (petitioner bears the burden of demonstrating state remedies have been exhausted). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

When a petitioner has been convicted after entering a plea of not guilty, as Hammock was, he can exhaust his claims on direct appeal by filing an appeal to the Appellate Court of Maryland and then filing a petition for writ of certiorari to the Supreme Court of Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301.

Additionally, for claims that are not appropriate for relief on direct appeal, the petitioner must pursue state post-conviction proceedings. To exhaust a claim through that avenue, the petitioner must raise the claim in a petition to the state circuit court where he was convicted and, if unsuccessful, then must raise the claim in an application for leave to appeal to the Appellate Court of Maryland. *See* Md. Code Ann., Crim. Proc. § 7-109. If the appellate court denies the application, there is no further review available, and the claim is exhausted. *See* Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Supreme Court of Maryland. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

Hammock also must comply with a one-year filing deadline to file a petition with this Court after his claims are exhausted. He is forewarned that the one-year filing deadline begins to run on the date his conviction is final after his direct appeal concludes. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run after his direct appeal ends. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time petitioner has to seek federal habeas corpus review. Given these constraints, Hammock's petition dismissed without prejudice to accord him adequate time and notice to comply with both the exhaustion and filing deadline requirements.

Having found that Hammock's claims are unexhausted, this Court must determine if a certificate of appealability should issue. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Hammock's petition fails to demonstrate that a certificate of appealability should issue; he still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

      A separate order follows.

August 7, 2023
Date

/s/ 
Deborah L. Boardman
United States District Judge